# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

William H. Danyus

v.

Department of Social Services

August 5, 1992

Case No. (Chancery) 22083-RF

BY JUDGE ROBERT P. FRANK

On May 26, 1990, a report under Va. Code § 63.1-248.3 was received, alleging that William H. Danyus had sexually abused students whom he was supervising in the course of his employment as a teacher at Richneck Elementary School. An investigation was conducted by the Newport News Department of Social Services and local police. In its letter dated August 29, 1990, the local department advised Mr. Danyus of its disposition of "founded" abuse of Christopher Stoll.

Pursuant to Va. Code § 63.1-248.6:1, counsel for Danyus appealed this decision by requesting a local conference on September 12, 1990. An informal conference was conducted by the local department on December 12, 1990, and a written decision dated March 1, 1991, despite Danyus' writing the local department on two occasions demanding a ruling, upheld the "founded disposition." Counsel for Danyus requested a hearing from Commissioner Jackson in a letter dated March 20, 1991. A hearing was conducted by the Commissioner's designee, William J. Coultner, on June 17, 1991, and a written decision was submitted on August 11, 1991, upholding the disposition of "founded - sexual abuse" of Christopher Stoll. Counsel for Danyus filed a Notice of Appeal of this decision on September 9, 1991, and subsequently filed a Petition for Appeal with this court on or about October 3, 1991.

The Department filed a Motion to Dismiss the Appeal arguing that the Appellant's failure to petition the Commissioner for redress when the Newport News Department of Social Services failed to act on his appeal within thirty days. Section 63.1-248.6:1 barred his right to appeal to the Commissioner.

Section 63.1-248.6:1(A) sets forth the administrative appeal process:

> A person who is the subject of a report pursuant to this chapter and who is suspected of or is found to have committed the abuse or neglect complained of may, within thirty days of being so notified, request the local department rendering such report to amend such report and the local department's related records. The local department shall hold an informal conference or consultation in order for such person to informally present factual data, arguments, or submissions of proof to such local department. *If the local department refuses the request for amendment or fails to act within thirty days after receiving such request*, the person may, within thirty days thereafter, petition the Commissioner, who shall grant a hearing to determine whether it appears, by a preponderance of the evidence, that such report or record, in whole or in part, contains information which is irrelevant or inaccurate regarding the commission of abuse or neglect by the person who is the subject of the report or record and therefore shall be amended. [Italics added.]

The narrow issue raised by the Department is whether Danyus' failure to petition the Commissioner within thirty days after the local department failed to act within thirty days of the September 12, 1990, request for a local conference barred his right to appeal to the Commissioner.

Section 63.1-248.6:1(A) provides a statutory scheme to administratively review abuse determinations. The first step is to request the local department to amend such report, and such request must be made within thirty days of the Appellant being notified of the determination. The local department must hold an informal conference. There is no requirement that the conference be held within a certain period of time. The next sentence in the paragraph then sets forth, in the alternative, the Appellant's options. The Appellant may appeal to the Commissioner within thirty days after the local department's adverse decision, *or* if the local department fails to act within thirty days after receiving the request, he may appeal to the Commissioner within thirty days thereafter.

It is this court's view that the Appellant has the option of waiting for the local department to decide, the only time limitation being counted from after

the decision is made, or the Appellant may side-step the local department if the department does not timely act and appeal directly to the Commissioner.

If the requirements were mandatory and the Appellant was obligated to appeal to the Commissioner upon the local department's inaction, any or all local departments could effectively eliminate the Appellant's right to an informal conference by being dilatory. The local department would then have the unfettered ability to thwart the statutory scheme. Such a result could not be the legislative intent.

This court therefore finds that the Appellant timely filed his appeal to the Commissioner and denies the agency's Motion to Dismiss.

In this judicial review, Danyus concedes there are no legal, procedural, or constitutional issues to be reviewed. The sole issue before the court is whether there is substantial evidence to support the agency's determination of sexual abuse. Danyus further concedes that if the testimony of Christopher Stoll is truthful, that testimony would be sufficient to "found" a sexual abuse complaint. Danyus argues, however, that Stoll's testimony is inherently incredible.

"Review of agency factual decisions is governed by the 'substantial evidence' test. Under this standard, the scope of review is limited to ascertaining whether there was substantial evidence in the agency record to support the decision." *Turner v. Jackson*, 14 Va. App. 423, 429 (1992) (citing *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242, 369 S.E.2d 1, 6 (1988); Code § 9-6.14:17). A reviewing court "may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." *Virginia Alcoholic Beverage Control Comm'n v. York Street Inn, Inc.*, 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979). "The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Johnston-Willis*, 6 Va. App. at 242, 369 S.E.2d at 7 (citations omitted).

Code § 9-6.14:17 provides that, in the context of factual issues, the reviewing court shall take due account of the presumption of official regularity, the experience and specialized competency of the agency, and the purposes of the basic law under which the agency has acted.

A reviewing court "must review the facts in the light most favorable to sustaining the [agency's] action," *Bio-Medical Applications of Arlington, Inc. v. Kenley*, 4 Va. App. 414, 417, 358 S.E.2d 722, 729 (1987), and "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under

which the agency has acted." *Virginia Alcoholic Beverage Control Commission v. York Street Inn, Inc.*, 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979).

In *Johnston-Willis*, the Virginia Court of Appeals explained that it is "helpful to define the appropriate standard of review in terms of the degree of deference to be given to agency decisions." 6 Va. App. at 143, 369 S.E.2d at 7. From this perspective, the degree of deference afforded an agency decision depends upon several considerations to be weighed by the reviewing court: whether the issues are legal or factual; whether the issues involve a denial of constitutional rights or failure to follow required procedures; and whether the issues fall within the area of experience and specialized competence of the agency. *Id.* at 242-43, 369 S.E.2d at 7-8.

"[W]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." *Id.* at 244, 369 S.E.2d at 8. "Thus, the reviewing court was entitled to consider that the General Assembly has entrusted the investigation of child abuse complaints to the DSS, Code § 63.1-248.6, and charged the Commissioner with supervising the administration of the law and ensuring that the laws are 'carried out to their true intent and spirit.' Code § 63.1-4." *Turner*, 14 Va. App. at 430.

We must now decide whether there was substantial evidence supporting the agency's determination of sexual abuse.

Christopher Stoll reported four incidents of inappropriate behavior by Danyus. The first took place in the first month of school. Danyus wrapped his arms around Stoll. The second incident was around the third month of school. Danyus wrapped his hands around Stoll and put his privates to Stoll's bottom. Danyus started moving around. Stoll said Danyus' privates were hard. Around the first part of January 1990, Danyus locked his hands together and put his penis on Stoll's bottom. Danyus' penis was erect. In April of 1990, the incident in which Danyus was charged with aggravated sexual battery and acquitted, Danyus grabbed his hands together and threw Stoll to the ground. Danyus put his body on Stoll. Danyus was moving up and down with an erect penis.

Stoll had complained to his mother of Danyus' behavior two months after school began. These complaints were broad in scope and made no mention of sexual abuse. Stoll also complained to his father on March 26, 1990, that Danyus had been touching him, but there was no mention of an erect penis. On the same day as the April 1990, incident, Stoll gave his father specific details as to that incident but made no mention of an erection.

Danyus vehemently denied these incidents. By stipulation, a number of citizens stated that Danyus was an ideal teacher and his reputation for truth and veracity was impeccable.

Danyus attempted to impeach Stoll by showing that he was two grades behind, that he was a poor student, that he had a reputation for lying, and that he had serious family problems. Danyus testified that Stoll only complained of sexual abuse after he had been suspended in an argument with Danyus. Yet when Danyus was asked why Stoll would fabricate such a story, Danyus addressed why another alleged victim would have fabricated. In fact, Stoll did complain to his parents of abuse prior to his suspension.

Danyus puts great emphasis on his acquittal of the criminal charges. Criminal acquittals merely evidence that the trier of fact was not satisfied that the Commonwealth has proven the case beyond a reasonable doubt. A lesser standard, i.e., preponderance of the evidence, is required in the agency appeal process. Additionally, the criminal offense was the April 1990, incident. The issues before the Commissioner were a series of events, culminating with the April 1990, incident. The criminal acquittal is not relevant in the judicial review because of the lower burden of proof.

Indeed, there are some inconsistencies in Stoll's testimony. However, the Commissioner, through the hearing officer, weighed the testimony, determined the credibility of the witnesses, and found sexual abuse. The record supports the agency's finding. It is the opinion of this court that a reasonable mind could come to the same conclusion as the agency.

This court, therefore, denies Danyus' appeal for the reasons stated herein.